648 P.2d 146

Sandra L. SIEGERT, aka Sandra L. Hromidko, Petitioner/Appellee,

v.

Fredrick W. SIEGERT, Respondent/Appellant.

No. 2 CA–CIV 4233.

Court of Appeals of Arizona, Division 2.

June 28, 1982.

John F. Corcoran, Tucson, for petitioner/appellee.

Charles L. Weninger, Tucson, for respondent/appellant.

## OPINION

HOWARD, Chief Judge.

The determinative issue here is whether the trial judge abused his discretion in not setting a hearing for appellant's petition for change of custody.

A.R.S. § 25–339 states:

"A party seeking a modification of a custody order shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motions *unless it finds that adequate cause for hearing the motion is established by the pleadings*, in which case it shall set a date for hearing on why the requested modification should not be granted." (Emphasis added)

Appellant's verified petition stated:

"Since the dissolution of the marriage, the Petitioner has failed to provide a proper environment and home life for the children. At the present time, the children are living with their mother in a trailer that is located behind a truck stop, next to the freeway where the traffic makes it dangerous for children to be and where there are no playmates of suitable age for the children. That although the Respondent is paying Three Hundred Dollars ($300.00) per month as and for child support, the children are not properly clothed and their clothing is torn and dirty.

The children's mother has not maintained steady employment and the amounts that are paid as and for child support are spent not only on the support of the children, but upon the support of the Petitioner. Furthermore, the Petitioner indicates that she will be moving

from the State of Arizona to take up residence in the State of Minnesota. It is submitted that this is not in the best interest and welfare of the children as most of the family resides in the State of Arizona, including both maternal and paternal grandparents.

At the present time, the Respondent has the children from Friday afternoon until Sunday night. That the children look forward to being with Respondent on these weekends and that the Respondent is able and willing and capable of providing a steady home environment for the children."

Appellee filed a verified response to the petition for modification. In this petition she stated that she has remarried and she and her present husband have been planning to move to Bagley, Minnesota, where her present husband owns a 160-acre farm; that they plan to take the children with them and this fact had been known for many months to the father; that she and her husband have purchased a three-bedroom mobile home which they plan to move to the farm; that she and appellant had made arrangements for the custody of the children during the summer months and that appellant had agreed to it; that appellant had paid the ordered child support only since January 1981 and on occasion when the children would beg him for something; that they were ready to leave for Minnesota when the papers were served on them; that the children are properly dressed and that their clothing is not torn and dirty; that she has not been steadily working because her husband has been supporting her; that the maternal grandparents are planning to leave Arizona and probably move to Minnesota; and that if the custody would be awarded to the father, the children would live in a home where the father and the "live-in girlfriend" do not get home until 5 p. m. In conclusion, appellee stated that the only reason the father was requesting the change of custody is to prevent her from moving to Minnesota and he had made no effort to do anything about a change of custody until he was informed that appellee had chosen a definite date to leave Tucson.

After filing her response, appellee moved the court to accelerate its review of the file. Appellant also filed a pleading asking the court to shorten the time for hearing the matter. The trial court reviewed the pleadings, as required by A.R.S. § 25–339, and concluded that no adequate cause had been shown for hearing the matter. It therefore denied the petition for modification.

■ Appellant first contends that the trial court erred in denying his petition without giving him an opportunity to reply to appellee's allegations contained in her verified response. We do not agree. The procedure which governs the pleading here is set forth in A.R.S. § 25–339. The statute does not provide for a reply to the opposing affidavit of the respondent.

■ Appellant next contends that the trial court erred in denying him a hearing. We do not agree. A.R.S. § 25–339 states that the court shall "... deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings ...." There is necessarily wide discretion resting with the trial court in its determination as to whether or not there is adequate cause for hearing. Reviewing the allegations of appellant's petition, we are unable to conclude that no reasonable judge would have denied the petition without a hearing. The trial court, therefore, did not abuse its discretion or act in an arbitrary or capricious manner.

■ Appellant also contends the trial court erred in deciding the issue prior to the expiration of the time periods set forth in Rules 8.4(f)(4) and (5) of Uniform Rules of Practice of the Superior Court, Pima County. We do not agree. Rule 8.4(f)(4) does not even apply to appellant. It gave appellee fifteen days to file controverting affidavits. Appellee did so prior to the fifteen-day period. Rule 8.4(f)(5) provides that five days after the time permitted for the filing of controverting affidavits the court administrator shall bring the matter to the attention of the presiding judge of the domestic relations division or his designee. Here the

file was reviewed by the trial judge two days after appellee filed her verified response. The purpose of the five-day period set forth in the rule is simply to place a time limit on the period within which it is to be referred to the trial court. It is not for the purpose, as suggested by appellant, of giving time to the petitioner to file a reply to any controverting affidavits. Appellant also argues that shortening of the five-day period deprived him of notice which would have given him an opportunity to file a notice of change of judge under Rule 42(f), Arizona Rules of Civil Procedure, 16 A.R.S. This contention is without merit. Rule 8.4(f)(5) does not contain any provision requiring the court administrator to notify the parties that it has brought the matter to the attention of the court. Absent such a requirement, appellant cannot complain that he did not get notice.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.