NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

RUBY D. SANTILLAN, *Petitioner/Appellee,*

*v.*

RYAN KEENEY, *Respondent/Appellant.*

No. 1 CA-CV 14-0061

FILED 2-17-2015

Appeal from the Superior Court in Coconino County
No. S0300DO20040602
The Honorable Ted Stuart Reed, Judge

**AFFIRMED**

COUNSEL

Gary E. Robbins, PC, Flagstaff
By Gary E. Robbins
*Counsel for Petitioner/Appellee*

Bryon Middlebrook, PC, Flagstaff
By Bryon Middlebrook
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jon W. Thompson and Judge Donn Kessler joined.

---

**C A T T A N I**, Judge:

¶1       Ryan Keeney ("Father") appeals the superior court's order dismissing his petition for modification of parenting time and legal decision-making. Father contends in particular that: (1) the court improperly applied what Father asserts is a superseded "adequate cause" standard for determining whether to grant his petition, and (2) the court erred by dismissing Father's petition without conducting an evidentiary hearing. For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2       Father and Ruby D. Santillan ("Mother") have one child together, born in 2002. In 2005, the superior court entered default judgment establishing paternity and ordering Father to pay child support. The judgment did not provide for parenting time.

¶3       In 2009, Father filed a petition to modify parenting time and child support, alleging that Mother had refused Father reasonable parenting time. The parties participated in mediation and, pursuant to Rule 69 of the Arizona Rules of Family Law Procedure, entered into a Memorandum of Agreement ("2009 Agreement") that provided Father parenting time every other weekend.

¶4       Three months after signing the 2009 Agreement, Father filed a second petition, this time seeking to modify custody to joint custody and to provide for additional parenting time. Father alleged that the proposed change was in the best interests of the child because the child was frequently absent from school under Mother's care. Mother responded and provided a medical explanation for the child's absences. Mother also alleged that a change in custody was not in the child's best interests because Father had committed acts of domestic violence against her and against his current wife and because Father has a criminal record.

¶5       The parties again participated in mediation and entered into a Mediation Agreement ("2010 Agreement"). The 2010 Agreement did not

provide for joint custody but did stipulate that Mother and Father would make all future decisions relating to the child's education "by agreement and consensus," and granted Father two additional weeks of parenting time each summer. The superior court entered a signed order formalizing the 2010 Agreement.

¶6 Three years later, the State filed a petition to modify child support, seeking a significant increase in child support from Father. Shortly thereafter, Father filed a third petition seeking to modify parenting time, legal decision-making, and child support. Father's petition, as well as his verified amended petition, sought joint legal decision-making and equal parenting time.

¶7 Following a status conference, the court dismissed Father's amended petition without an evidentiary hearing, finding that Father had failed to show a substantial change in circumstances materially affecting the welfare of the child, and had thus failed to establish adequate cause for the requested relief. Father appealed from the order of dismissal,[1] and we have jurisdiction under Arizona Revised Statutes ("A.R.S.") § 12-2101(A)(2).[2]

## DISCUSSION

### I. Adequate Cause Under A.R.S. § 25-411.

¶8 Father argues that legislative amendments to A.R.S. § 25-411 are inconsistent with and supersede the threshold "adequate cause" requirement the superior court applied in determining whether to go forward with proceedings to address Father's request to modify parenting time and legal decision-making.

¶9 The Arizona Legislature amended Title 25, Chapter 4 effective January 1, 2013. *See* 2012 Ariz. Sess. Laws, ch. 309, § 4 (2d Reg. Sess.) (S.B. 1127). As part of those amendments, the Legislature replaced the term

---

[1] Father filed his notice of appeal after the court ordered the case dismissed in open court but prior to entry of the signed order dismissing his petition. Father's notice of appeal is nevertheless effective because it appealed from a final decision that was simply formalized in a subsequent, consistent signed order, without any intervening substantive motions or issues. *See Baker v. Bradley*, 231 Ariz. 475, 481, ¶ 19, 296 P.3d 1011, 1017 (App. 2013).

[2] Absent material revisions after the relevant date, we cite a statute's current version.

"legal custody" with "legal decision-making" and replaced the term "physical custody" or parental "visitation" with "parenting time." *See* S. Fact Sheet (Final Amended, May 15, 2012), S.B. 1127, 58th Leg., 2d Reg. Sess. (Ariz. 2012). As amended, § 25-411 provides as follows:

> L. **To modify any type of legal decision-making or parenting time order** a person shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of the affidavit or verified petition, to other parties to the proceeding, who may file opposing affidavits. The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted.
>
> . . . .
>
> N. **Subsection L of this section does not apply if the requested relief is for the modification or clarification of parenting time and not for a change of legal decision-making**.

(Emphasis added.)

¶10　　　　Father argues that § 25-411(L)'s "adequate cause" requirement has been superseded by the Legislature's bifurcation of "custody" into "legal decision-making" and "parenting time," and by § 25-411(N)'s mandate that subsection L does not apply to requests for modification of parenting time alone. Father did not raise this argument before the superior court, however, and he has thus waived it. *See Woodworth v. Woodworth*, 202 Ariz. 179, 184, ¶ 29, 42 P.3d 610, 615 (App. 2002). Furthermore, waiver notwithstanding, § 25-411(N) by its terms does not apply in this case. Father's amended petition sought modification of both parenting time *and* legal decision-making, whereas § 25-411(N)'s apparent exclusion of the "adequate cause" standard applies—at most— only if "requested relief is for the modification or clarification of parenting time *and not* for a change of legal decision-making." (Emphasis added.)

## II.　　Evidentiary Hearing.

¶11　　　　Father also argues that the superior court erred by finding he had not established adequate cause to warrant an evidentiary hearing on his modification petition. We disagree.

**¶12** Under A.R.S. § 25-411(L), the superior court "shall deny" a petition to modify legal decision-making or parenting time "unless it finds that adequate cause for hearing the motion is established by the pleadings." The superior court has wide discretion in assessing adequate cause. *Siegert v. Siegert*, 133 Ariz. 31, 33, 648 P.2d 146, 148 (App. 1982). We will reverse only if "no reasonable judge would have denied the petition without a hearing." *Id.*

**¶13** The existence of adequate cause for modification is tied to "the facts alleged to constitute a change in circumstances" that materially affects the welfare of the child. *Pridgeon v. Superior Court*, 134 Ariz. 177, 180, 655 P.2d 1, 4 (1982); *Galbraith v. Galbraith*, 88 Ariz. 358, 362, 356 P.2d 1023, 1026 (1960). In determining whether adequate cause exists, the superior court conducts an in-camera screening of the petition and supporting affidavits; no hearing is required at the screening stage. *See DePasquale v. Superior Court,* 181 Ariz. 333, 335, 890 P.2d 628, 630 (App. 1995). The petitioner has the burden to establish adequate cause through detailed facts, not simply conclusory allegations. *See Pridgeon,* 134 Ariz. at 181, 655 P.2d at 5.

**¶14** Father's amended petition alleged in pertinent part: (1) that since 2009, Father continued to have a parental role with his other two children, and his ex-wife considered him to be an "amazing father" and saw consistent parenting time with Father as in her children's best interests; (2) Father had "maintained steady employment" as manager of a grocery store and had purchased a house; (3) Mother had indicated "the meaningfulness of [child] having a meaningful father figure"; and (4) Mother had improperly taken the child to visit Mother's father, who is a convicted sex offender.

**¶15** The superior court did not abuse its discretion by concluding that these allegations did not constitute a change in circumstances affecting the welfare of the child. Specifically, as Mother argued, neither the ex-wife's opinion of Father's parenting ability nor Mother's reflection on the importance of a father figure constituted a material change in circumstances. Similarly, because Father was employed by Safeway at the time of the 2009 Agreement, his continued employment was not a change in circumstances, regardless of his move to a different residence.

**¶16** Mother vehemently disputed Father's allegation that Mother had taken the child to see her father, a convicted sex offender. She characterized the allegation as "an overt lie" and expressly affirmed that

she wanted no contact with her father, and would never expose the child to him.

¶17        Generally, when the parties' affidavits are "directly in opposition upon any substantial and crucial fact relevant to the grounds for modification," the court should hold a hearing. *Pridgeon*, 134 Ariz. at 181, 655 P.2d at 5. Nevertheless, in this case, the court could reasonably have concluded that a single supervised visit to the child's grandfather (even assuming it did occur) was not "substantial and crucial" to the grounds for modification and, therefore, did not establish adequate cause for a hearing.

¶18        Finally, Father argues that "A.R.S. § 25-411(L)'s 'adequate cause' requirement is an unconstitutional due process violation if it allows a trial court to dismiss a petition to modify legal decision-making based on affidavit alone." The Arizona Supreme Court rejected a similar argument in *Pridgeon*, explaining that because dismissing such a petition without a hearing simply maintains the status quo (and thus does not deprive the petitioner of any right), due process is satisfied by "review[ing] the petition and the affidavits of both parties to make a determination whether a hearing is required." 134 Ariz. at 182, 655 P.2d at 6. Accordingly, the superior court did not abuse its discretion by finding that Father's petition failed to show a substantial change in circumstances materially affecting the welfare of the child and therefore dismissing the petition for want of adequate cause. *See Siegert*, 133 Ariz. at 33, 648 P.2d at 148.

## CONCLUSION

¶19        For the foregoing reasons, we affirm.

