NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

TWYLA LAWANNA SHARON BOATLEY, *Petitioner/Appellant*,

*v.*

RODERIC DJUAN MIXON, SR., *Respondent/Appellee*.

Nos. 1 CA-CV 15-0362 FC
FILED 3-10-2016

Appeal from the Superior Court in Maricopa County
No.  FC2011-001470, FC2013-007019
(Consolidated)
The Honorable Roger E. Brodman, Judge

**AFFIRMED**

COUNSEL

Twyla Boatley, Phoenix
*Petitioner/Appellant*

Roderic Djuan Mixon Sr., Phoenix
*Respondent/Appellee*

## MEMORANDUM DECISION

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge John C. Gemmill joined.

**D O W N I E**, Judge:

¶1       Twyla Boatley ("Mother") appeals an order of the superior court that dismissed her petition to modify legal decision-making authority, parenting time, and child support.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2       Mother and Roderic Mixon Sr. ("Father") are the parents of twin girls born in 2010.  The parties have been involved in both family court proceedings — beginning with a petition to establish Father's paternity — and in dependency proceedings in the juvenile court.[1]

¶3       In October 2013, the family court issued a minute entry stating that the juvenile court had ordered that Mother have no visitation with the children; it entered the same order in the family court proceedings. Thereafter, the family court held an evidentiary hearing on a petition Father had filed to establish orders for legal decision-making authority and parenting time.

¶4       After reviewing the record, which included a report from a psychiatrist who had evaluated Mother, the family court affirmed Father's sole legal decision-making authority and ordered that Mother have no contact with the children, Father, or the children's stepmother.  In support of its ruling, the court cited the psychiatrist's diagnosis of Antisocial Personality Disorder that "is likely to substantially interfere with [Mother's] ability to provide her children with a safe and secure environment."  The

---

[1]       We have limited portions of the juvenile court record, including a Temporary Custody Notice reflecting that the children were removed from Mother's care on January 14, 2013 because she was "unable to meet the intensive medical needs of the twins."  Also in the appellate record is an October 30, 2013 juvenile court minute entry stating that the girls were doing "very well" in Father's care and were "no longer at risk of abuse or neglect," leading to the dismissal of the dependency action.

court further noted the psychiatrist's belief that the likelihood of Mother "demonstrating minimally adequate parenting skills in the future" was "poor," as well as the evaluator's opinion that a child in Mother's care would be at risk of abuse.

¶5 After the tragic death of one of the twins, Mother filed a petition to modify legal decision-making authority, parenting time, and child support. She alleged her daughter's death was due to lack of medical attention and "false reporting" of her "well being." Mother also alleged Father and his wife had "criminal and domestic violence background[s]" that placed the surviving child "in danger."

¶6 After obtaining additional information from the Phoenix Police Department and the Department of Child Safety ("DCS"), the family court dismissed Mother's petition. The court noted "serious concerns about Mother's mental state and her ability to care for the children" and stated that the child's death was not being investigated by law enforcement or DCS. The court concluded:

> Although tragic, there is no basis for the Court to believe that the child's death resulted from misconduct from Father. There is no reason to believe that a child placed in Father's care is seriously endangered. As a result, Mother's petition is untimely under A.R.S. § 25-411.

¶7 Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

## DISCUSSION

¶8 Mother raises several arguments that are unrelated to the dismissal of her modification petition. Because our review "is limited to the rulings specified in the notice of appeal," *Ruesga v. Kindred Nursing Ctrs., L.L.C.*, 215 Ariz. 589, 599, ¶ 38 (App. 2007), we do not address those issues. Additionally, Mother's opening brief fails to comply with the Arizona Rules of Civil Appellate Procedure. It does not include citations to the record or legal authority. Although we could consider Mother's appellate arguments waived,[2] we will address her claims about the dismissal of her modification

---

2 *See* ARCAP 13(a)(7) (a brief must set forth arguments containing citations to authorities, statutes, and parts of the record relied upon); *Ritchie v. Krasner*, 221 Ariz. 288, 305, ¶ 62 (App. 2009) (failure to support arguments with legal authority may constitute waiver and abandonment of that claim).

petition as we understand them. We review the family court's order for an abuse of discretion. *See Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179 (1982); *Siegert v. Siegert*, 133 Ariz. 31, 33 (App. 1982).

¶9            "A person shall not make a motion to modify a legal decision-making or parenting time decree earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health."   A.R.S. § 25-411(A). Mother's modification petition was filed only six months after the most recent order establishing legal decision-making authority and parenting time.   It included only conclusory allegations about Father, with no corroborating evidence.  Medical records attached to the petition state that the child was admitted to the hospital "with sickle cell crisis" and specifically state:  "no abuse concerns, no[] neglect."

¶10           To modify legal decision-making, or to trigger the need for an evidentiary hearing on the petition before expiration of the one-year waiting period, considerably more was required.  The relevant provision, A.R.S. § 25-411(L), states:

> To modify any type of legal decision-making or parenting time order a person shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification . . . .  The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings, in which case it shall set a date for hearing on why the requested modification should not be granted.

¶11           The family court followed the statutory procedures and, based on the record before it, reasonably concluded that Mother's petition did not demonstrate that "the child's present environment may seriously endanger [her] physical, mental, moral or emotional health."   Under these circumstances, we discern no abuse of discretion.  *See Siegert*, 133 Ariz. at 33 ("There is necessarily wide discretion resting with the trial court in its determination as to whether or not there is adequate cause for [a] hearing.").

## CONCLUSION

¶12  We affirm the judgment of the superior court.



Ruth A. Willingham · Clerk of the Court
FILED: ama