NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

KRISTYN ANNE ALCOTT, *Petitioner/Appellant*,

*v.*

KYLE JEFFRY KILLEBREW, *Respondent/Appellee*.

No. 1 CA-CV 19-0013 FC
FILED 1-16-2020

Appeal from the Superior Court in Maricopa County
No. FC2015-091121
The Honorable Suzanne Scheiner Marwil, Judge

**AFFIRMED**

COUNSEL

Rader Sheldon & Stoutner, P.L.L.C., Phoenix
By Nicole D. Siqueiros-Stoutner
*Co-Counsel for Petitioner/Appellant*

Marc R. Grant Jr., P.L.L.C., Phoenix
By Marc R. Grant Jr.
*Co-Counsel for Petitioner/Appellant*

Kyle Jeffry Killebrew, Peoria
*Respondent/Appellee*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge James B. Morse Jr. and Judge Diane M. Johnsen joined.

**J O N E S**, Judge:

**¶1**          Kristyn Alcott (Mother) appeals the family court's order denying and dismissing her petition to modify parenting time and child support.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL HISTORY

**¶2**          Mother and Kyle Killebrew (Father) were divorced by consent decree in December 2015.[1]  The decree awarded the parents joint legal decision-making authority of their two children (the Children), then ages three and four, with "Mother having final decision-making authority in all areas."  Mother retained primary physical custody of Children with regular visitation to Father.  About nine months later, the parties stipulated to a parenting-time plan with "a week on/week off schedule," which was approved and adopted by the family court in September.

**¶3**          In August 2017, Mother, who lived in Glendale at the time, filed a petition to modify parenting time and child support based largely upon Father relocating to Flagstaff.  After an evidentiary hearing, the family court found Mother had proved a "substantial and continuing change" materially affecting the welfare of the Children that warranted modification.  Specifically, the court found that although Father had stated he planned to live in Flagstaff for a "'couple months,' he continue[d] to live in Flagstaff at the time of the [evidentiary] hearing and ha[d] now been living there for the past six months."

---

[1]          "We view the facts in the light most favorable to sustaining the family court's ruling."  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522, ¶ 1 n.1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

¶4  Thereafter, the family court considered the factors relevant to best interests, *see* Ariz. Rev. Stat. (A.R.S.) §§ 25-403(A),[2] -403.01(B), noting the following: "[t]he parties have difficulty in effectively communicating;" while Mother expected Father to comply with their daughter's treatment for "PTSD and an adjustment disorder," Mother did "not volunteer the information she should" in order "to inform Father of anything medically or educationally related;" while "Mother state[d] Father d[id] not attend doctor appointments or attend any [school] IEP meetings," Father testified "he ha[d] never been made aware of any doctor appointments or IEP meetings;" the parties' son "ha[d] a number of recurrent respiratory issues;" though Mother alleged one of the children "struggle[d] with school," Father testified to the contrary that it was he who "received notice from the school [that] the [C]hildren ha[d] a large number of absences and tardies since being in Mother's primary care;" that the "[c]ourt was under the impression both parents tend[ed] to withhold information from the other parent which caus[e]d a ripple effect that [] ultimately le[]d to less than full and accurate information being provided to the [c]ourt," though there was no intentional misleading by either parent; and ultimately, "the primary disagreement regarding parenting time [] erupted over Father living out of [Maricopa] county." Based on these considerations, the court found modification was in the Children's best interests and ordered that Father would exercise "parenting time every weekend of the month except [for] the first weekend of [each] month." The court specified within its January 2018 order, however, the parties would "revert back to a week-on/week-off schedule" if Father relocated to a "residence within 25 miles of Mother's residence."

¶5  In September 2018, Mother filed a request for mediation to resolve issues related to parenting time. By this time, Father had moved back to the Phoenix area, where Mother was also residing. After Father failed to attend a November mediation, despite receiving proper service, Mother filed a second petition to modify parenting time and child support, as well as an expedited motion in support of her petition.[3]

---

[2]  Absent material changes from the relevant date, we cite a statute's current version.

[3]  The record does not reflect the specific denial of Mother's expedited motion for modification of parenting time and child support, filed in support of her petition. Nonetheless, "when a court fails to expressly rule on a motion, we deem it denied." *State v. Mendoza-Tapia*, 229 Ariz. 224, 231, ¶ 22 (App. 2012) (citing *State v. Hill*, 174 Ariz. 313, 323 (1993)).

¶6 To support her request for modification, Mother alleged: the parties' daughter had been diagnosed with various behavioral disorders; Father was non-compliant with their daughter's treatment plan, causing her to be terminated from the clinic where she was receiving treatment; Father would not give the Children prescribed medications when they were ill; on at least one occasion, Father did not pick up the Children from school on time and, on two occasions, sent Children to school without lunches; the daughter had begun to manifest "excessive skin picking, tics, obsessive thoughts and anxious mood" from staying in Father's one-bedroom apartment; Father did not actively engage in helping Children with their school work on three occasions; and the Children did not regularly bathe while in Father's care, and when daughter did bathe, "Father closely watche[d] over her while she [wa]s naked." Mother also attached various exhibits in support of her petition, including photos of the daughter's alleged hand injury.

¶7 The family court denied and dismissed Mother's second petition to modify, finding:

> [Mother's petition] alleges no substantial and continuing change since the issuance of the [c]ourt's January 16, 2018 ruling. During the hearing on the previous petition to modify, [Mother] made many of the same allegations regarding the children's struggles in school and medical diagnoses. The [c]ourt nevertheless found that [Father] could exercise week on/week off equal parenting time so long as he lived within a 25 mile radius of [Mother]. [Mother] does not dispute that [Father now] lives locally but simply dislikes that [Father] lives in a one bedroom apartment. This is not a basis to modify.

Mother timely appealed, and we have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2). *See In re Marriage of Dorman*, 198 Ariz. 298, 301, ¶ 4 (App. 2000) (concluding an order resolving a petition to modify a decree of dissolution is appealable as a special order after final judgment).

**DISCUSSION**

¶8        Mother argues the family court erred by failing to hold a hearing on her second petition to modify parenting time and child support.[4] Mother asserts that her petition, supported by the filing of her expedited motion on the same day, "contained entirely new allegations" not addressed in the most recent January 2018 custody and parenting time order, thus providing sufficient evidence of the existence of a material change in circumstances affecting the welfare of the Children to warrant a hearing.

¶9        To modify a parenting time order, "a person shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice . . . to the other parties to the proceeding, who may file opposing affidavits." A.R.S. § 25-411(L). The court will hold an evidentiary hearing on the request only if it finds that "adequate cause for hearing the motion" is established by the pleadings. *Id.* The court's review of the "pleadings" includes the petition itself and any associated and opposing affidavits. *Id.*; *Prigdeon v. Superior Court*, 134 Ariz. 177, 181 (1982). The purpose of requiring this threshold showing "is to spare the parties and the child the cost, disruption, and potential trauma of a full modification hearing unless the petition and supporting documents show 'adequate cause.'" *DePasquale v. Superior Court,* 181 Ariz. 333, 335 (App. 1995).

¶10        Adequate cause for a hearing exists when "the facts alleged [] constitute a change in circumstances" that materially affects the welfare of the child. *Prigdeon*, 134 Ariz. at 180. Those facts "must be more than mere conclusory allegations" and "not merely cumulative or impeaching." *Id.* at 181-82. Ultimately, the court has "wide discretion in its determination as to whether or not there is adequate cause for hearing," and we will reverse only if "no reasonable judge would have denied the petition without a hearing." *Siegret v. Siegret*, 133 Ariz. 31, 33 (App. 1982). The question is thus not what this Court would have done in the first instance, but whether

---

4        Mother also argues on appeal that the family court committed reversible error by relying on the fact that it had denied her July 2018 motion for reconsideration (MFR) as grounds to deny her November 2018 petition to modify. The record does not support this contention; in its order, the court specifically denied Mother's November petition "*because* it allege[d] no substantial and continuing change." (Emphasis added). Only thereafter did the court find it "worthy of note" that it had previously denied the July 2018 MFR that alleged the same grounds for change.

the family court abused its discretion. *See Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 74 (1969) ("It is the general rule that the exercise of a court's discretion will not be disturbed unless it is plainly wrong.") (citing *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).

¶11 In reviewing Mother's November 2018 petition, the family court considered the "hearing on the previous [January 2018] petition to modify," which included discussion of daughter's medical diagnoses at the time and son's respiratory issues, as well as the Children's challenges at school. While Mother expressed frustration with Father's failure to medically attend to the Children — a sentiment she seems to have earlier asserted at the hearing on her January petition — after the hearing on the January petition, the court noted that Mother "d[id] not volunteer the information she should" to Father regarding the Children's medical and educational needs, and that "both parents tend[ed] to withhold information from the other parent," leading to their inability to effectively communicate. The court nonetheless "found that [Father] could exercise week on/week off equal parenting time so long as he lived within a 25 mile radius of [Mother]." The court also considered Mother's new allegation that Father's updated living arrangement caused their daughter to exhibit concerning behavior, determining Mother "simply dislike[d] that [Father] live[d] in a one-bedroom apartment," which "[wa]s not a basis to modify."

¶12 Furthermore, the exhibits Mother filed in support of her November 2018 petition did not squarely support her claim for modification. Mother attached three of the son's phonogram tests, on which he earned two Cs and one F but also included four certificates son earned by being a "super star student." The certificates indicated the son "turned in [his] reading, spelling and math homework 4 out of 4 days th[ose] week[s]" but also earned a "yellow light" sometimes for not listening or following directions. Mother also attached the daughter's Christmas wish list, which has no apparent relevance to the petition, and photos of daughter's alleged hand injury, without explaining the nature nor cause of that injury.

¶13 The record reflects that the family court considered the circumstances alleged by Mother, compared them to her contentions and the court's findings related to her previous requests, and evaluated the new allegations consistently with prior observations of the parties' efforts and conduct. Additionally, although the court did not specifically address Mother's bathing concerns nor Father's alleged failure to provide school lunches and on-time pick up from school, we cannot say the court abused its discretion in dismissing the petition; the court could reasonably

conclude that Mother's allegations, even if true, did not constitute a substantial and continuing change in circumstances that would warrant a hearing.

## CONCLUSION

**¶14** The family court's order denying and dismissing Mother's petition for modification is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA