655 P.2d 1

Thomas Allen PRIDGEON, Petitioner,

v.

The SUPERIOR COURT of the State of Arizona; and the Honorable Robert W. Pickrell, Judge thereof; and Renee Susanne LaMarca, fka Renee Susanne Pridgeon, Real Party of Interest, Respondents.

No. 15708–SA.

Supreme Court of Arizona, En Banc.

Nov. 29, 1982.

178

Osborn & Associates, Ltd. by Roy Osborn, Phoenix, for petitioner.

Capra & Beckett by Shari Capra, Phoenix, for respondents.

HOLOHAN, Chief Justice.

This special action was brought by petitioner Thomas Allen Pridgeon to challenge the superior court's denial of his motion pursuant to A.R.S. § 25–339 for hearing for change of custody of his minor child James Richard Pridgeon. We accepted jurisdiction to clarify the law on two questions:

(1) When a petition to modify custody alleges a change in circumstances subsequent to the original custody order, may the court consider events prior to the original order in evaluating whether a change of custody is required?

(2) What standard should be applied by the trial court in determining whether "adequate cause" has been established by a petition for modification of a custody order so as to require that a hearing be held pursuant to A.R.S. § 25–339?

Briefly stated, the facts of this case are that the parties' marriage was dissolved on December 15, 1978 by a decree which also awarded the mother custody of the child. Pridgeon received reasonable visitation rights and was ordered to pay child support. In August 1979 the parties by stipulation sought to modify the custody arrangement to give Pridgeon custody for one year so that the mother could attend college full time and also be employed. The stipulation to modify the decree was approved by the superior court. The court approved a second stipulation to renew and extend the change of custody for a second year beginning in August 1980. During these two years the mother visited the child regularly.

On June 30, 1981 Pridgeon filed a petition to modify child custody, alleging that his having had custody of his son for two years constituted a substantial and continuing change of circumstances justifying modification of custody. He asked that he be given full custody of his son.

The mother of the child filed an opposition to the petition contending that it failed to allege the requisite change of circumstances or to meet the "adequate cause" standard, citing *Roorda v. Roorda*, 25 Wash. App. 849, 611 P.2d 794 (1980). She attached an affidavit averring that she had remarried and could provide her son with a good home.

Pridgeon replied, alleging that he too had remarried and that the child desired to remain with him and his new wife, having become fully integrated into the family. The reply also alleged that the mother had

threatened physical violence against the child and subjected him to mental pressure. Affidavits of Pridgeon and his wife to the same effect were attached, as well as an affidavit by the child himself stating that he was eight years old; that he wanted to continue living with his father and attending the same school; that his mother had threatened to paddle him if he ever said he wanted to go to that school again; and that his father had never promised him anything but only wanted him to tell the truth.

The mother moved to strike the child's affidavit, alleging that Pridgeon's attempt to involve the boy in his petition was traumatic to him and called into question Pridgeon's judgment and fitness as a custodial parent. She attached a supplemental affidavit contradicting the allegations of Pridgeon's affidavits and reiterating factors supporting her fitness as custodian.

On August 26, 1981 the domestic relations judge entered the following order:

The matter of Respondent's motion for hearing petition for modification of custody having been under advisement, the Court finds:

That adequate cause for hearing said petition for modification of custody is not established by the pleadings. The record here shows that a child has been with the Respondent by agreement with the Petitioner. The Court generally urges the parties to work out problems of visitation in such a way that the non-custodial parent can have a great exposure to the child, and it is not equitable for the court to use this attitude of cooperation against the custodial parent who might be cooperating. It is quite possible that the fact that the child has been with the non-custodial parent for some period of time would be a factor to be considered along with other factors; however, in this case the only factor is the fact that the child has been with the non-custodial parent.

IT IS ORDERED denying Respondent's motion for hearing petition for modification of custody.

Pridgeon then sought relief from this order by special action.

## CHANGED CIRCUMSTANCES AND PRIOR EVENTS

The chief changed circumstances relied upon by Pridgeon to support his motion for change of custody were that the child had lived with him and his new wife for two years, attending school and making friends in that neighborhood. The mother contends that the same circumstances existed in 1979 and 1980 when the parties stipulated that the child's best interest would be served by having him stay with Pridgeon for the year. Because these facts were incorporated into the terms of the court orders adopting the stipulation, the mother urges that Pridgeon has waived any argument for custody modification based on these facts under the "law of the case" doctrine. *In re Monaghan's Estate,* 71 Ariz. 334, 227 P.2d 227 (1951).

Pridgeon responds that the present cannot be understood without considering the events of the past. We agree. In considering a motion for change of custody, the court must initially determine whether a change of circumstances has occurred since the last custody order. Only after the court finds a change has occurred does the court reach the question of whether a change in custody would be in the child's best interest. *Black v. Black,* 114 Ariz. 282, 560 P.2d 800 (1977); *Hoffman v. Hoffman,* 4 Ariz.App. 83, 417 P.2d 717 (1966). The trial court has broad discretion to determine whether a change of circumstances has occurred. *In re Wise,* 14 Ariz. App. 125, 481 P.2d 296 (1971). On review, the trial court's decision will not be reversed absent a clear abuse of discretion, *i.e.,* a clear absence of evidence to support its actions. *Smith v. Smith,* 117 Ariz. 249, 571 P.2d 1045 (App.1977); *Bailey v. Bailey,* 3 Ariz.App. 138, 412 P.2d 480 (1966).

A custody order is final on the facts that were before the court when its decision was made. *Bailey v. Bailey, supra.* The mother urges that this rule bars the court from considering any fact alleged in a change of custody motion if the same fact was before the court when the challenged custody order was made. We do not agree.

We find persuasive the reasoning of the Oregon Court of Appeals in *Harder v. Harder,* 552 P.2d 852, 854–55, 26 Or.App. 337, 341–42 (1976), a case dealing with modification of spousal maintenance orders:

[O]nce it has been decided that a given set of circumstances either does or does not require the modification of the support or custody provisions of a dissolution decree, no subsequent motion based exclusively on those same "circumstances" may be entertained. The allegation and proof of some additional change occurring since the entry of the prior order is prerequisite to any later modification. Once that additional change has been established, however, its significance need not be determined in a vacuum.

* * * The significance of the change occurring since the last order may, in fact, only become apparent when considered together with circumstances predating that order. The admissibility of specific items of evidence is to be determined not by whether that evidence relates to circumstances predating an earlier order but by its relevancy to the issues raised in the subsequent proceeding.

*See also Allison v. Ovens,* 4 Ariz.App. 496, 421 P.2d 929 (1966), *modified on other grounds,* 102 Ariz. 520, 433 P.2d 968 (1967), *cert. denied,* 390 U.S. 988, 88 S.Ct. 1184, 19 L.Ed.2d 1294 (1968).

▓ Whether a hearing must be held under A.R.S. § 25–339 depends upon a weighing of the facts alleged to constitute a change in circumstances. When a court holds that no hearing is required, it decides that the particular circumstances alleged do not constitute adequate cause for a hearing. This does not mean, however, that these circumstances can never again be used as weights on the scale, but rather only that more weight must be added before adequate cause for a hearing is reached. Thus, when a new motion for change of custody is made alleging that a new, previously unconsidered changed circumstance exists, the court may consider the new circumstance and prior circumstances, if alleged, in determining whether adequate cause for a hear-

ing has been established, *Allison v. Ovens, supra.*

## "ADEQUATE CAUSE" UNDER A.R.S. § 25–339

A.R.S. § 25–339 reads as follows:

A party seeking a modification of a custody order shall submit an affidavit or verified petition setting forth detailed facts supporting the requested modification and shall give notice, together with a copy of his affidavit, or verified petition to other parties to the proceeding, who may file opposing affidavits. *The court shall deny the motion unless it finds that adequate cause for hearing the motion is established by the pleadings,* in which case it shall set a date for hearing on why the requested modification should not be granted. [emphasis added]

This statute is in substance derived from Uniform Marriage and Divorce Act (U.L.A.) § 410 (9A Master Ed. 1979). We have not considered the precise question raised by petitioner.

Pridgeon alleges that he was denied due process because he was not granted a hearing. He contends that the "adequate cause" standard of A.R.S. § 25–339 is unconstitutionally vague and indefinite. He argues that reliance upon *Roorda v. Roorda,* 25 Wash.App. 849, 611 P.2d 794 (1980), is inappropriate and that a hearing is mandatory for the child's best interest, especially when, as here, the child expresses a strong desire to live with the petitioning parent.

Respondent argues that the strong policy of A.R.S. § 25–339 against causal modification of prior custody orders requires that a full hearing be reserved for only those cases in which the moving party has presented "adequate cause." She contends that due process requirements are satisfied by the court's consideration of the motion and opposing affidavits. She urges that we accept the principles announced by the Washington Court of Appeals in *Roorda* construing the Washington statute, which is substantially identical to the Arizona statute, to require a party demonstrating "adequate cause" to produce "something more than

prima facie allegations which, if proven, might permit inferences sufficient to establish grounds for a custody change." 25 Wash.App. at 852, 611 P.2d at 796.

We note that Washington's child custody statutes differ from Arizona's in that Washington has adopted a modified version of § 409 of the Uniform Marriage and Divorce Act (U.L.A.) (9A Master Ed. 1979), R.C.W. 26.09.260[1], while Arizona did not adopt this section[2]. Washington cases must therefore be considered with caution. We do agree, however, that the standard to be followed is that a petitioner must present detailed facts which are relevant to the statutory grounds for modification and which are not merely cumulative or impeaching.

A.R.S. § 25–339 places upon the moving party the burden of showing adequate cause for a hearing. The affidavits presented by Pridgeon were clearly drafted with reference to the grounds for determination of custody set forth in A.R.S. § 25–332[3], but we agree with the respondent that Pridgeon's affidavits merely stated conclusions without any factual support. This is not sufficient to meet the petitioner's burden of showing "detailed facts" supporting the requested modification. The petitioner's affidavits were insufficient.

A.R.S. § 25–339 also allows the opposing party to file opposing affidavits. Although the statute is perhaps inartfully worded, we believe the purpose of the opposing affidavits is to allow the party opposing a modification to allege additional facts to supplement and extend the information provided by the movant. Such affidavits may complete the story and help the court understand the situation fully. The court may then consider all the affidavits in determining whether adequate cause for a hearing has been established. However, if the affidavits are directly in opposition upon any substantial and crucial fact relevant to the grounds for modification, the court may not conduct a "trial by affidavit", attempting to weigh the credibility of the opposing statements. In such a case, the court must hold a hearing. We believe the foregoing interpretation of the statute takes into account the language allowing the "adequate cause" to be "established by the *pleadings*"—i.e., the petition and the affidavits of both sides.

Pridgeon maintains that the relationship between parent and child is one of

---

1. R.C.W. 26.09.260 reads in part:

(1) The court shall not modify a prior custody decree unless it finds, upon the basis of facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the *court shall retain the custodian established by the prior decree unless:*

(c) *The child's present environment is detrimental to his physical, mental, or emotional health* and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child. [emphasis added].

2. In Arizona, a motion to modify a custody decree need not allege that the child's present environment is detrimental to his health unless the motion is made within one year of a prior decree:

No motion to modify a custody decree may be made earlier than one year after its date, unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may endanger seriously his physical, mental, moral or emotional health.
A.R.S. § 25–332(B).

3. A.R.S. § 25–332(A) reads as follows:

The court shall determine custody, either originally or upon petition for modification, in accordance with the best interests of the child. The court may consider all relevant factors, including:
1. The wishes of the child's parent or parents as to his custody.
2. The wishes of the child as to his custodian.
3. The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interest.
4. The child's adjustment to his home, school and community.
5. The mental and physical health of all individuals involved.
6. Which parent is more likely to allow the child frequent and continuing contact with the non-custodial parent.

the highest natural rights requiring due process whenever his or her custodial rights to a child will be determined by a proceeding. *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); *Smart v. Cantor,* 117 Ariz. 539, 574 P.2d 27 (1977). From this he concludes that a full hearing is required in his case. We find this line of argument inapposite because no one is attempting to deprive Pridgeon of anything. He does not have custody now and no one seeks to curtail his rights to visit the child; rather, he is attempting to deprive respondent of custody. Since Pridgeon bears the statutory burden of proof of showing adequate cause for a hearing, we believe due process is satisfied by a procedure which requires a court to review the petition and the affidavits of both parties to make a determination whether a hearing is required.

■ We also do not find that the standard is unconstitutionally vague. The statute clearly requires factual allegations, not mere conclusions. Because A.R.S. § 25–339 is derived from § 410 of the Uniform Marriage and Divorce Act, the Commissioners' Note to that section of the Uniform Act is instructive. It states in part:

> The procedure is designed to result in denial of the motion without a hearing unless the court finds that the affidavits establish adequate cause for holding a hearing. The procedure will thus tend to discourage contests over temporary custody and prevent repeated or insubstantial motions for modification.

Uniform Marriage and Divorce Act (U.L.S.) § 410, Comm'rs Note at 216–17 (9A Master Ed. 1979). This policy plainly means that the "adequate cause" which must be established before a hearing is required must be more than mere conclusory allegations that the child's best interests would be served by a change of custody.

In the instant case, we find that the trial court's determination that Pridgeon's motion and affidavits failed to establish ade-

quate cause for a hearing was not an abuse of discretion.

Relief denied.

GORDON, V.C.J., and HAYS, CAMERON and FELDMAN, JJ.