NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

DAVID RYAN PORTER, JR., *Petitioner/Appellant,*

*v.*

REBECCA MONET SMITH, *Respondent/Appellee.*

No. 1 CA-CV 16-0512 FC
FILED 6-8-2017

Appeal from the Superior Court in Maricopa County
No. FC2009-091089
The Honorable Jennifer E. Green, Judge

**REMANDED**

APPEARANCES

Rowley Chapman Barney & Buntrock LTD, Mesa
By Joshua R. Boyle
*Counsel for Petitioner/Appellant*

Rebecca Monet Kinsey (formerly known as Rebecca Smith), Mesa
*Respondent/Appellee*

---

## MEMORANDUM DECISION

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Kenton D. Jones joined.

---

**K E S S L E R**, Judge:

¶1        David Ryan Porter, Jr. ("Father") appeals from a family court order modifying his parenting time with the parties' two daughters.  For the reasons set forth below, we remand the parenting time order for further findings in compliance with this decision.

### FACTUAL AND PROCEDURAL HISTORY

¶2        This is a high-conflict custody case.  In 2010, the family court ordered Father and Rebecca Monet Smith ("Mother") to share joint legal decision-making and equal parenting time with their son and two daughters.  In August 2015, Mother filed a petition to modify legal decision-making and parenting time, alleging Father's "destructive manipulation and psychological abuse" was escalating and he failed to provide a stable environment.  Father denied these allegations and counter-petitioned for final legal decision-making authority, citing the parties' inability to co-parent. The family court appointed a parenting conference provider to prepare a report to the court and interview the children, if necessary.

¶3        Following an evidentiary hearing and receipt of the parenting conference report and confidential children's interview report, the family court found a substantial and continuing change in circumstances and modified Father's parenting time with the two daughters to every other weekend and twice during the week.  The court did not modify parenting time for the son or modify joint legal decision-making. Father timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[1]

### DISCUSSION

¶4        To modify parenting time, the family court must first determine there has been a change in circumstances materially affecting the

---

[1]        Absent material revision after the relevant date, we cite the current version of the statutes.

welfare of the children since the last custody order. *Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179 (1982); *Hendricks v. Mortensen*, 153 Ariz. 241, 243 (App. 1987) (citation omitted). The court has broad discretion to determine whether such a change has occurred, and its decision will not be reversed absent a clear abuse of discretion. *Pridgeon*, 134 Ariz. at 179 (citations omitted). "We view the evidence in the light most favorable to sustaining the [family] court's findings and will uphold them unless they are clearly erroneous or unsupported by the evidence." *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998) (citation omitted). As the party seeking to modify Father's parenting time, Mother had the burden of proving a change in circumstances. *Pridgeon*, 134 Ariz. at 181.

¶5 The family court found there had been a substantial and continuing change of circumstances "due to both parties seeking a change in legal decision-making and Mother's request to substantially reduce Father's parenting time." The fact that both parties seek to change legal decision-making or one party seeks to reduce the other's parenting time does not constitute a change in circumstances materially affecting the children. *Davis v. Davis*, 78 Ariz. 174, 176 (1954) (citations omitted) (holding modification of custody orders requires "cogent reasons" such as changed conditions affecting "the child whose welfare is the paramount consideration at all times"); *Hendricks*, 153 Ariz. at 243 (holding Arizona case law requires a showing of changed circumstance's materially affecting the welfare of the children). In the immediate case, the court's finding is merely an observation that what both parties request would *result* in a substantial change in legal decision-making and/or parenting time.

¶6 Therefore, we remand the case to the family court for findings on whether there has been a substantial and continuing change in circumstances to warrant a change in legal decision-making and/or parenting time other than merely the requests for change filed by the parties. "To change a previous custody order, the court must determine whether there has been a material change in circumstances affecting the welfare of the child." *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994) (citation omitted). This change in circumstances cannot be the request to change the custody order, rather a substantial change in circumstances must precede alteration of the custody order. We therefore remand for a ruling applying the correct legal standard.

¶7 Father requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. § 25-324 (2017). Neither party took unreasonable positions on appeal, nor did either party prevail. Therefore, we deny

Father's request for an award of attorneys' fees on appeal and exercise our discretion to not award costs.

## CONCLUSION

¶8   We remand this case to the family court for findings in compliance with this decision.

