NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SUSAN LYNN PACK, *Petitioner/Appellant,*

*v.*

STEVEN PACK, *Respondent/Appellee.*

No. 1 CA-CV 16-0532 FC
FILED 8-8-2017

Appeal from the Superior Court in Maricopa County
No. FC2006-051158
The Honorable Joseph C. Kreamer, Judge

**AFFIRMED**

APPEARANCES

Abram & Meell, P.A., Phoenix
By Gregory J. Meell
*Counsel for Petitioner/Appellant*

Steven Pack, Scottsdale
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Chief
Judge Samuel A. Thumma and Judge Diane M. Johnsen joined.

---

**B E E NE**, Judge:

¶1       Appellant Susan Lynn Pack ("Mother") appeals the superior
court's order denying her petition to modify parenting time. For the
following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2       Mother and Steven Pack ("Father") divorced in 2006.
Relevant to this matter, the parties had difficulties agreeing to medical
treatment for their daughter, but eventually the parties agreed, and the
court ordered, that Mother would have sole legal decision-making
authority.

¶3       In October 2012, the superior court held an evidentiary
hearing on Father's petition to modify parenting time and found that
Mother was alienating the children, Father was not following court orders
regarding the children's medical needs, and the children were struggling
under the existing parenting time plan. The court affirmed the order
granting sole legal decision-making authority to Mother and modified
parenting time as follows:

> The court adopts an equal parenting time schedule for the
> children **contingent upon Father complying in all aspects
> with the recommendations of the health professional
> treating the children**. This includes administering prescribed
> drugs that Father may object to or in signing releases
> requested by the health professionals and transporting the
> children to their medical appointments during Father's
> parenting time.
>
> The new schedule starts November 12, 2012. Father shall
> have the first week and Mother the second week rotating on
> seven on seven off schedule thereafter.

* * * *

**Should Father not comply with the health professional directives Father's parenting time shall be as follows**:

Every Tuesday and Thursday from after school until 7:30 p.m. When school is not in session, Father's parenting time shall be from 3:30 p.m. to 7:30 p.m.

Every other Saturday and Sunday from 9:00 a.m. until 6:00 p.m.

(Emphasis added.).

**¶4**　　　Thereafter, Mother notified the superior court that Father was not giving their daughter her medication and asked the court to implement the alternative parenting time arrangement set forth in the October 2012 ruling. In December 2013, the court affirmed Mother's sole legal decision-making authority and its October 2012 equal parenting time order. The court specifically ordered that both parents must administer medication as prescribed by the children's treating physicians and directed that Mother could use blood testing to ensure Father's compliance. The court reiterated its earlier warning that it would alter Father's parenting time if he did not give prescribed medication to the children.

**¶5**　　　Immediately after the ruling, Mother filed a motion for reconsideration/clarification, wherein she complained that Father had already violated the October 2012 order, which she contended should have automatically changed his parenting time as stated in that order. The superior court denied Mother's motion, noting that its ruling regarding the consequences if Father failed to follow the drug regimen prescribed by the children's physicians was instructive only and there would be no change in Father's parenting time absent court order.

**¶6**　　　Father filed a petition to reinstate joint legal decision-making authority and modify parenting time to a parallel parenting plan designed to minimize the parties' interactions. He asserted Mother was restricting his access to their daughter's medication in an attempt to convince the superior court to reduce his parenting time and asked for a week on/week off parenting schedule, with each parent responsible for legal decision-making during his or her week. Mother asked the court to reduce Father's parenting time, citing co-parenting difficulties, Father's alleged continued failure to provide daughter medication, and daughter's allegations that Father had been abusive toward her. After an evidentiary hearing, the

court found no significant and continuing change of circumstances that would justify modification of legal decision-making or parenting time.[1]

¶7 Mother timely appealed. We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1) (2017).[2]

**DISCUSSION**

¶8 In considering a motion to modify parenting time, "the court must initially determine whether a change of circumstances has occurred since the last custody order. Only after the court finds a change has occurred does [it] reach the question of whether a change in custody would be in the child's best interests." *Pridgeon v. Super. Ct.*, 134 Ariz. 177, 179 (1982). The superior court has "broad discretion to determine whether a change of circumstances has occurred," and we will not reverse its decision "absent a clear abuse of discretion, *i.e.*, a clear absence of evidence to support its actions." *Id.*

¶9 Mother asserted that Father's failures to give their daughter her daily medication, communicate with Mother about the children's medical needs, and otherwise cooperatively co-parent with her regarding the children's school events and extracurricular activities were changes in circumstances warranting a reduction in his parenting time. Mother also criticized some of Father's parenting practices, suggested that he was contributing to their daughter's emotional and behavioral difficulties, and alleged he physically abused their daughter on one occasion.

---

[1] The court's statement in its ruling that the evidentiary hearing concerned Mother's August 14, 2015 petition appears to be erroneous as the court had already denied that petition. The record shows that the petition filed by Mother that was before the court was her April 14, 2016 "Emergency Motion to Enforce Court's Orders for Temporary Modification of Respondent's Parenting Time," which the court denied without prejudice to Mother arguing at the evidentiary hearing that the events described in the petition supported a parenting time modification.

[2] We cite the current version of applicable statutes unless revisions material to this decision have occurred since the relevant events.

**¶10** Father acknowledged co-parenting difficulties but blamed Mother for the problems, asserting that her extreme animosity toward him was causing her to try to curtail his parenting time to the detriment of the children's best interests. He claimed Mother refused to provide him with adequate amounts of their daughter's medication during his parenting time and repeatedly emailed him, not to co-parent or communicate about important issues with the children, but to interfere with or criticize his parenting decisions. He denied that he had physically abused their daughter and alleged that Mother was lying to the daughter's physicians and encouraging daughter to lie.

**¶11** As the superior court noted, these parties have had an extremely high level of conflict and have been unable to co-parent since the dissolution; only the specific issues about which they choose to argue have changed. The court has resolved many of the parties' conflicts over the past years and is uniquely qualified to determine when the degree of conflict or area of concern constitutes a change in circumstances justifying a modification of parenting time. *See Pridgeon*, 134 Ariz. at 179. Moreover, the court was entitled to reject Mother's contentions and proffered evidence, especially in light of its previous finding that she was attempting to alienate the children from Father. *See Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12 (2000) (noting the court is not bound to accept even the uncontradicted evidence of an interested party); *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998) ("We will defer to the trial court's determination of witnesses' credibility and the weight to give conflicting evidence."); Ariz. R. Fam. Law P. 82(A) (appellate court will give due regard "to the opportunity of the trial court to judge the credibility of witnesses"). Accordingly, the court did not abuse its discretion by determining that Mother had not proved a substantial and continuing change in circumstances that warranted modification.[3]

---

[3] We find no error in the court's denial of Mother's untimely request that it make findings of fact and conclusions of law. *See* Ariz. R. Fam. Law P. 82(A) (stating family court shall find facts and state its conclusions of law, *if requested before trial*) (emphasis added). Moreover, the court made findings on the record regarding each of the Arizona Revised Statutes Section 25-403 best interests factors, even though it was not required to do so because it found no substantial and continuing change in circumstances. *Pridgeon v. Super. Ct.* , 134 Ariz. 177 at 179.

**¶12**        Mother contends, however, that the superior court was required to implement the "alternative" parenting time schedule set forth in the October 2012 order, and reaffirmed in December 2013, once she demonstrated that Father had, even once, not complied with the children's health professionals' recommendations.  Thus, Mother argues the court's failure to do so was an improper modification of those orders.  She appears to be arguing that the court erred by not implementing the alternative parenting time schedule because the October 2012 and December 2013 orders constituted the "law of the case."  The law of the case doctrine "describes the judicial policy of refusing to reopen questions previously decided in the same case by the same court or a higher appellate court." *Powell-Cerkoney v. TCR-Mont. Ranch Joint Venture, II*, 176 Ariz. 275, 278 (App. 1993) (citations omitted).  As applicable here, however, the law of the case is "a procedural doctrine rather than … a substantive limitation on the court's power," and a court should not apply the doctrine when it would be "manifestly unjust" or a substantial change has occurred in the essential facts, issues, evidence, or applicable law.  *Id.* at 278-79 (citations omitted).

**¶13**        In this case, when the superior court entered the October 2012 and December 2013 orders, Father was refusing to give the parties' daughter her prescribed medication.  At the time of the hearing at issue in this appeal, however, there was no evidence that Father continued to refuse to follow the orders; moreover, the evidence showed that when Father had not given the daughter her medication, it had been primarily when he could not obtain the medication from Mother.  Under these circumstances, the law of the case doctrine is inapplicable. *See Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003) ("We have repeatedly stressed that the child's best interest is paramount in custody determinations.").[4]

---

[4]        Mother suggests that the court's failure to enforce the October 2012 and December 2013 orders constituted a modification of parenting time.  As discussed, the court found no substantial and continuing circumstances warranting modification and therefore maintained the parties' existing parenting time arrangement.

**CONCLUSION**

**¶14**      For the foregoing reasons, we affirm.

**¶15**      We deny Mother's request for an award of attorneys' fees on appeal, either as a sanction against Father under A.R.S. § 12-349 or pursuant to A.R.S. § 25-324. We will award costs to Father upon his compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA