NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LINO GONZALES, *Petitioner/Appellee*,

*v.*

BRANDY VARGAS, *Respondent/Appellant*.

No. 1 CA-CV 17-0371 FC
FILED 5-8-2018

Appeal from the Superior Court in Maricopa County
No.  FC 2009-001571
The Honorable Michael J. Herrod, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

The Cordrey Law Firm, PLC, Phoenix
By Michael E. Cordrey
*Co-Counsel for Respondent/Appellant*

The Murray Law Offices, PC, Scottsdale
By Stanley D. Murray
*Co-Counsel for Respondent/Appellant*

Dean W. O'Connor, PLLC, Phoenix
By Dean W. O'Connor
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge Maurice Portley[1] joined.

---

**B R O W N**, Judge:

¶1        Brandy Vargas ("Mother") appeals the superior court's order denying her petition for modification of legal decision-making and parenting time, and her request for attorneys' fees.  For the following reasons, we affirm the court's denial of Mother's request for attorneys' fees but vacate the remaining portions of the court's order and remand for further proceedings.

### FACTUAL AND PROCEDURAL BACKGROUND

¶2        Mother and Lino Gonzales ("Father") have one minor child in common, D.G., born in 2007.  The parties separated, and in March 2009, Father filed a petition to establish child custody and parenting time.  Two months later, the superior court found that "the parties have the future ability to co-parent the minor child," and granted Mother and Father joint legal custody of D.G.  The court also granted Father parenting time and required Mother and Father to have daily "telephone contact" pertaining to D.G.

¶3        In March 2010, Father petitioned for sole legal custody, alleging D.G. was in danger due to Mother's "drug problem."  In June 2010, the Arizona Department of Economic Security-Child Protective Services ("CPS") assumed temporary custody of D.G. (and his half-sister S.E.) from Mother due to ongoing "neglect, methamphetamine abuse, condition of [the] home, [and] violation of [a] court order."  After an evidentiary hearing, the superior court granted Father's petition, finding it was "in [D.G.]'s best interest that Father be granted sole legal custody," and that "Mother's parenting time would endanger the child's physical, mental, emotional or moral health."  The court also ordered that Mother would have to show 60

---

[1]        The Honorable Maurice Portley, retired Judge of the Arizona Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

days of continuous random negative drug tests before requesting reinstatement of parenting time.

¶4            In August 2013, Mother "re-enter[ed] her [May 2012] Petition to Modify Legal Decision-Making, Physical Custody, and Child Support," asserting she had "successfully completed [an] EMPACT substance abuse treatment program in February 2011 and provided dozens of clean drug tests." Her petition also stated that "as a result of [her] efforts the juvenile court dismissed the dependency case" pertaining to her daughter S.E. and reinstated Mother's physical custody as to S.E. Mother explained further that she sought modification in 2012 but "[r]ather than litigate the matter in family court, the [F]ather filed a Petition to Terminate [her] Parental Rights." (The juvenile court, after a contested hearing in May 2013, denied Father's severance petition, finding that although Mother had abandoned D.G., termination of her parental rights was not in the child's best interests.) The superior court dismissed Mother's petition to modify without prejudice for "lack of prosecution" in October 2013, but reopened the matter and held an evidentiary hearing in September 2014.

¶5            Following the hearing, the court did not modify the existing custody orders; however, it recognized that "the minute entry of the dependency dismissal shows Mother's drug testing is adequate to comply with the [2010 modification] order," and ordered Mother and D.G. to begin reunification therapy. The court also ordered Mother to pay Father $124.08 per month in child support, effective October 1, 2014. The court later ordered Father to pay Mother $500 for attorneys' fees after determining that his "position objecting to the specific reunification therapy provider unnecessarily expanded the proceedings and was an unreasonable position." Since that order, there have been two failed attempts at reunification—the first included multiple therapy sessions that started in 2014 and ended in July 2015, and the second occurred in 2016, which consisted of the initial intake sessions and one therapy session with D.G.

¶6            In August 2016, the parties attempted mediation but it was unsuccessful. In November 2016, Mother filed a new petition to modify legal decision-making (custody), parenting time, and child support. Mother asserted that a significant and continuing change of circumstances had occurred since entry of the sole custody order in 2010, and sought sole, or alternatively, joint legal decision-making and equal parenting time. Mother alleged that Father failed to follow court orders regarding therapeutic intervention with therapists Rosa Ruales and Annette Ruskin, and that Father thwarted the reunification process. Father filed a response

denying all allegations and asserting "there has been no change in circumstance."

¶7        The superior court held an evidentiary hearing, receiving testimony from Mother, the child's maternal great-grandmother, and Father, as well as written reports from the reunification therapists.  In a detailed order, the court found "there has been no significant and continuing change of circumstances that materially affect[s] the welfare of the child."  The court also stated that "reunification of the child with Mother is not likely to succeed, and that further attempts to reunify may not be in the best interests of the child," reasoning in part as follows:

> [T]herapeutic reunification has been impeded by Father because he has not meaningfully participated in encouraging [D.G.] to see his mother, but that therapeutic reunification has also been impeded by Mother's unrealistic expectation that she can easily be reunited with a child that she neglected, if not abused, and has not seen for approximately 8 years. Under these circumstances, reunification of Mother [and D.G.] may not be possible due to no active fault of either parent, other than the circumstances that have been created overtime [sic].

¶8        The court determined that Father would continue to have sole legal decision-making authority regarding D.G., with the condition that he "give good faith consideration to the views of Mother, and put forth best efforts to reach a consensus decision."  Addressing a parenting plan, the court stated that Mother would have parenting time "in Father's discretion" and ordered Father to "encourage and facilitate a relationship between [D.G.] and his half-sister, [S.E.], including arranging contact with [S.E.] without Mother present."  The court denied both parties' requests for attorneys' fees, finding that each party acted unreasonably in the litigation, specifically during the attempts at reunification.  Mother timely appealed.[2]

---

[2]        Although Mother indicates in her amended notice of appeal that she is appealing both the "minute entry Order entered on May 4, 2017, and the child support order entered on August 15, 2017," she has not asserted any challenge to the child support order.

**DISCUSSION**

### A.    Modification

¶9          The Arizona Supreme Court and the "United States Supreme Court have long recognized that the right to the control and custody of one's children is a fundamental one." *Michael J. v. Ariz. Dep't. of Econ. Sec.*, 196 Ariz. 246, 248, ¶ 11 (2000) (internal citations and quotations omitted). Similarly, our legislature has stated that "[t]he liberty of parents to direct the upbringing, education, health care and mental health of their children is a fundamental right." Ariz. Rev. Stat. ("A.R.S.") § 1–601(A); *see also* A.R.S. § 1–602. This fundamental right does not evaporate simply because the natural parents have not been model parents or have lost temporary custody of their child to the state." *Michael J.*, 196 Ariz. at 248, ¶ 11 (internal citations and quotations omitted). "[T]he court shall not restrict a parent's parenting time rights unless it finds that the parenting time would endanger seriously the child's physical, mental, moral or emotional health." A.R.S. § 25-411(J). "The outlines of that right are made clear under Arizona public policy and statutes, which direct that a child's best interest includes 'substantial, frequent, meaningful and continuing parenting time with both parents,' . . . which protect that right absent exceptional circumstances." *Baker v. Meyer*, 237 Ariz. 112, 114, ¶ 6 (App. 2015) (quoting A.R.S. § 25–103(B), (C)); *see* A.R.S. § 25–411(J).

¶10          To change an existing custody order, the superior court must determine there "has been a material change in circumstances affecting the welfare of the child."[3] *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). Only if the superior court finds there has been a material change in circumstances does it then proceed to analyze best interests. *See* A.R.S. § 25-411(L) ("The court shall deny the motion [to modify] unless it finds that adequate cause for hearing the motion is established by the pleadings . . . ."); *Christopher K. v. Markaa S.*, 233 Ariz. 297, 300, ¶ 15 (App. 2013) ("If the court finds a . . . [material] change in circumstances, it must then determine whether a change in custody would be in the child's best interests.").

¶11          The superior court has broad discretion to determine whether such a change has occurred, and its decision will not be reversed absent an

---

[3]          The Legislature amended Title 25 in 2012 and changed the term "custody" to "legal decision-making and parenting time." 2012 Ariz. Sess. Laws, ch. 309, §§ 4, 5 (2nd Reg. Sess.); *see also Baker,* 237 Ariz. at 114 n.2, ¶ 7. Because this proceeding spans both versions of the statute, unless otherwise noted, "custody" refers to both legal decision-making and parenting time.

abuse of discretion. *Pridgeon v. Superior Court (LaMarca)*, 134 Ariz. 177, 179 (1982). The court "abuses its discretion when it makes an error of law in reaching a discretionary conclusion or 'when the record, viewed in the light most favorable to upholding the trial court's decision, is devoid of competent evidence to support it.'" *Savord v. Morton*, 235 Ariz. 256, 259, ¶10 (App. 2014) (quoting *Mahar v. Acuna*, 230 Ariz. 530, 534, ¶14 (App. 2012)). As the party seeking to modify custody, Mother had the burden of proving a material change in circumstances. *Pridgeon*, 134 Ariz. at 181.

**¶12** The superior court found there had been no material changes in circumstances affecting the welfare of the child and explained its findings in part as follows:

> Mother continues to be alienated from the child due to a multitude of circumstances. The circumstances include the removal of the child from Mother, and Mother's continuing failure to remedy the circumstances leading to the removal; Mother's abandonment of the child for a period of years; and Father's failure to encourage the child to participate with Mother in reunification.

We conclude the court erred in making that determination. Although the ruling includes analysis of the A.R.S. § 25-403 best interests factors, the court focused primarily on the failed reunification efforts and not on the significant changes that have occurred in Mother's life since 2010, when the last custody order was entered, in determining whether a material change in circumstances affecting the welfare of the child has occurred. *See Davis v. Davis*, 78 Ariz. 174, 176 (1954) (holding modification of custody orders requires "cogent reasons" "constitut[ing] facts or conditions unknown at the time of the original [order], or occurring subsequent to the [order]"); *Hendricks v. Mortensen,* 153 Ariz. 241, 243 (App. 1987) (holding Arizona case law requires a showing of changed circumstances materially affecting the welfare of the child).

**¶13** At the time of the 2010 custody order, Mother was abusing methamphetamine and lived with her children in a hazardous environment, which led to their removal. Since then, and contrary to the finding that Mother had failed to remedy the circumstances leading to removal, the evidence is uncontradicted that she has maintained sobriety, obtained full-time employment, has reliable housing, and is successfully parenting her daughter S.E. The record shows Mother made repeated requests for modifications to the 2010 custody order since 2012. To the extent the court found there was no material change of circumstances based

on Father's failure to encourage the child to participate in reunification, Mother cannot control that circumstance.

¶14 The failed reunification efforts in this case should not be viewed in a vacuum, *see id.* at 243-44, particularly when the superior court has acknowledged that Mother is not solely responsible for the failed efforts. Instead, "the court must initially determine whether a change of circumstances has occurred since the last custody order"—in this case, the 2010 order. *Pridgeon*, 134 Ariz. at 179. Further, "when a new motion for change of custody is made alleging that a new, previously unconsidered changed circumstance exists, the court should consider the new circumstance and prior circumstances," *id.* at 180, particularly when no prior modification has been made. On this record, after considering the new circumstance (failed reunification efforts) and prior circumstances (Mother's stabilized lifestyle), it is evident that a material change in circumstances affecting the welfare of the child has occurred since the imposition of the 2010 custody order.

¶15 Given that Mother has shown a material change of circumstances, we turn to the superior court's parenting time and decision-making orders. As the court aptly recognized, this is a "very difficult case." The court properly recognized that Father impeded therapeutic reunification by failing to "meaningfully participate[] in encouraging [D.G.] to see his Mother." The court also found that Father "is not equipped to meaningfully assist in the [reunification] process" and that "Father's testimony and demeanor indicate that the reunification process has been largely beyond his ability." Addressing Mother's involvement, the court found that she also impeded therapeutic reunification by having "unrealistic expectation[s] that she can easily be reunited with a child that she neglected. . . and she ha[d] not seen for approximately 8 years. The court noted that "Mother is more focused on her need to have a relationship with [D.G.] than on [his] needs and psychological well-being."

¶16 Notwithstanding these concerns, the record lacks sufficient evidence that parenting time with Mother would endanger D.G. No one involved, other than the child, has taken a position that Mother should not be involved in his life—the best interests attorney advocated for it, and Father stated he hoped reunification would "work out." A child's wishes are only one factor, and are not dispositive of his best interests. *J.A.R. v. Superior Court (E.C.G.)*, 179 Ariz. 267, 274 (App. 1994). The superior court therefore erred in denying Mother parenting time on the basis it "would endanger the child's physical, mental, moral or emotional health because the child refuses to have any contact with Mother, and forcing the child to

have contact with Mother could cause severe emotional distress to the child." *Cf. Desiree S. v. Dep't of Child Safety*, 235 Ariz. 532, 534–35, ¶¶ 11-13 (App. 2014) (holding, in the context of termination of parental rights, an eleven-year-old's "subjective belief" that Mother could not keep him safe, and child's refusal to participate in family counseling, without more, could not "be the sole basis to determine as a matter of law that Mother will be unable to parent him in the near future").

¶17        The court also erred in permitting Mother parenting time only in Father's sole discretion and in suggesting Father help facilitate visits between D.G. and S.E. without Mother being present.[4]  This parenting time plan does not facilitate "substantial, frequent, meaningful and continuing parenting time."   A.R.S. § 25-103(B).   No evidence was presented that therapeutic efforts had completely failed or that additional efforts would be futile.  Instead, there was ample evidence that all parties, with the exception of D.G., were interested and willing to continue with reunification efforts.

¶18        Finally, in addressing sole legal-decision making authority, the court acted within its discretion in directing Father to consider Mother's views, and to strive to reach a consensus. *See Nicaise v. Sundaram*, 1 CA-CV 17-0069, 2018 WL 1101654, at *4 n.3, ¶ 19 (Ariz. App. Mar. 1, 2018) ("When the court awards *sole* legal-decision-making authority, it similarly may require that the parties attempt to agree in good faith before the parent with authority makes a decision—and a failure to act in good faith under such an order could eventually lead the court to revisit the grant of sole authority to a particular parent.").  The court also stated that if a decision "involves medical or schooling issues," and if the parents decide to "seek input from treating physicians or educators," then both parents "shall be provided with such input."  What is lacking in the court's ruling is any provision that allows Mother access to such information, which would necessarily include access to D.G.'s school and medical records.  Without that information, she will not have a reasonable basis upon which to share her views with Father.

¶19        Based on the foregoing, we vacate the court's legal decision-making and parenting time orders and remand for reconsideration of Mother's petition.  On remand, the court should enter orders targeted to achieve compliance with A.R.S. § 25-103(B), including additional therapy, supervised visits between Mother and D.G., and visits with Mother that include reunification of D.G. with S.E, as well as orders ensuring Mother

---

[4]        Because S.E. is not a party to this case, the superior court does not have authority over S.E.; therefore, the court lacks the authority to limit Mother's presence in matters involving S.E.

has reasonable access to information about D.G. to give her a meaningful opportunity to provide input to Father about decisions he makes relating to D.G.

### B. Attorneys' Fees

**¶20** Mother also argues the superior court erred in not awarding her attorneys' fees after "Father had taken unreasonable positions by obstructing and refusing to cooperate in the reunification process." A court may award reasonable attorneys' fees "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." A.R.S. § 25–324(A). We review an award of attorneys' fees for an abuse of discretion. *MacMillan v. Schwartz*, 226 Ariz. 584, 592, ¶ 36 (App. 2011).

**¶21** Here, the superior court declined to award either party attorneys' fees after finding that "there is no substantial disparity of financial resources between the parties," and "that both parents acted unreasonably in the litigation," and in particular, "during the attempts at reunification." Because the record supports the court's decision, we find no abuse of discretion.

**¶22** Both parties request attorneys' fees on appeal pursuant to A.R.S. § 25-324. In our discretion, we deny both requests. Father also requests attorneys' fees under A.R.S. § 12-349(A)(1), asserting that Mother's appeal was taken without substantial justification. We deny Father's request. As the successful party on appeal, Mother is entitled to taxable costs upon her compliance with ARCAP 21.

**CONCLUSION**

¶23 For the foregoing reasons, we affirm the superior court's denial of Mother's request for attorneys' fees but we vacate the remaining portions of the court's order and remand for further proceedings consistent with this decision.

