NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

RASHAWN DOUGLAS WILLIAMS, *Petitioner/Appellee*,

*v.*

JUANA DELIA ORNELEAS FLORES, *Respondent/Appellant*.

No. 1 CA-CV 19-0636 FC

FILED 6-2-2020

Appeal from the Superior Court in Maricopa County
No.  FC2013-053306
FC2016-008419
(Consolidated)
The Honorable Lisa Ann VandenBerg, Judge

**AFFIRMED**

COUNSEL

RaShawn D. Williams, Surprise
*Petitioner/Appellee*

Juna Flores, Phoenix
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge James B. Morse Jr. joined.

---

**P E R K I N S**, Judge:

¶1 Juana Flores ("Mother") appeals the trial court's denial of her Petition to Modify Parenting Time. We affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 Mother and Rashawn Williams ("Father") had one child together, K.W, born in 2012. Mother and Father never married and had limited contact with each other before K.W.'s birth. In 2013, Father petitioned for a paternity test, child custody, parenting time, and child support in Maricopa County. At trial, both parents agreed that Father was the biological father of K.W. The court then transferred and consolidated the case with a parallel paternity case in Santa Cruz County. The Santa Cruz County Superior Court issued an order granting joint legal decision-making and a schedule for overnight stays for K.W. with Father.

¶3 Mother took K.W. and absconded to Mexico in 2014. Father reported K.W. missing to Nogales Police, the U.S. State Department, and the FBI. The Santa Cruz County Superior Court then entered an order awarding Father full legal decision-making of K.W. and denying Mother parenting time. In 2015, authorities located K.W. in Mexico and a Mexican court reunified K.W. and Father. Mother returned to the United States that same year.

¶4 In 2017, after the case was transferred back to Maricopa County, the court modified the 2015 decree. The 2017 order reaffirmed Father's sole legal decision-making and physical custody of K.W., finding that substantial contact between Mother and K.W. would endanger the child. Before allowing visits with K.W., the court required Mother to undergo a psychological evaluation, followed by a therapeutic intervention at Mother's expense. The court ordered all of Mother's parenting time to be through the therapeutic intervention process, and the appointed interventionist would have discretion to determine contact between K.W. and Mother. The court further ordered that if therapeutic intervention

services were interrupted or suspended over Mother's inability to pay, Mother would have sixty days to catch up or have the services discontinued. Upon discontinuation of services, Mother would have to petition the court to reinstate services.

**¶5**        Between January 2017 and April 2018, the appointed therapeutic interventionist provided five updates to the court and began the intervention process. But in August 2018 the interventionist's sixth report revealed no appointments and no payments in that four-month period. The fifth and sixth reports suggest services stopped short of meetings between Mother and K.W. because Mother's pending criminal charges could abruptly interfere with services. The record contains no further therapeutic intervention appointments or reports.

**¶6**        Mother petitioned in November 2018 to replace therapeutic intervention with supervised visitation. The court denied the petition without a hearing. Mother again moved to establish supervised visitation twice in 2019, to no avail. Mother appealed the first denial, which we dismissed after Mother failed to obtain an order containing Arizona Rule of Family Law Procedure 78(c) language. Mother did not petition to reinstitute therapeutic intervention services.

**¶7**        In late 2019, Mother petitioned to modify parenting time for a third time. She again asked the court to permit supervised visitation without therapeutic intervention, which the superior court again denied without a hearing. In explaining its denial, the court noted Mother's petition did not allege any change in circumstances warranting a modification. Mother timely appealed from this latest denial.

## DISCUSSION

**¶8**        We review a trial court's denial of a petition to modify parenting time for abuse of discretion. *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179 (1982). We view the evidence in the light most favorable to sustaining the family court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009).

**¶9**        In considering a petition to modify parenting time, a court must first consider whether a change in circumstances has occurred. *Pridgeon*, 134 Ariz. at 179; *see also Engstrom v. McCarthy*, 243 Ariz. 469, 472, ¶ 10 (App. 2018). "A trial court has broad discretion to determine whether a change of circumstances has occurred." *Pridgeon*, 134 Ariz. at 179. A court must then determine if that change constitutes a "material change in circumstances affecting the welfare of the child." *Vincent v. Nelson*, 238 Ariz.

150, 155, ¶¶ 16–17 (App. 2015) (quoting *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994)).

**¶10**      Mother did not allege a change in circumstances since the last order that materially impacts K.W.'s best interests. *See Pridgeon*, 134 Ariz. at 181–82 (noting the one filing a motion bears the statutory burden of showing adequate cause for a hearing); *see also Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994). She instead asked the court to modify the order because she was unwilling and financially unable to continue with court mandated therapeutic intervention. The court in its 2017 order placed the onus on Mother to comply with and pay for a therapeutic intervention plan. The order contemplated that Mother might be unable to pay with a 60-day cure period before therapeutic intervention would be terminated. And the court provided a mechanism for Mother to reinstitute that process by petitioning the court. Mother did not meet the terms of the order and did not appeal that order. The court did not abuse its discretion in finding no change in circumstances supported modification of parenting time.

**¶11**      Mother claims that the court erred by denying her petition without giving her the benefit of a hearing. But a court need not hold a hearing before denying a petition seeking only to modify parenting time. In general, a parent seeking modification of a legal decision-making or parenting-time order must provide evidence to support the proposed change, and if the parent demonstrates "adequate cause" the court must hold a hearing. A.R.S. § 25-411(L). But the legislature specifically exempted petitions only seeking to modify parenting time from the hearing requirements. A.R.S. § 25-411(N) ("Subsection L of this section does not apply if the requested relief is for the modification or clarification of parenting time and not for a change of legal decision-making."). The court did not abuse its discretion by denying the petition without a hearing.

**CONCLUSION**

**¶12**      We affirm.

