NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

TERRI LEE GOSS, *Petitioner/Appellee*,

*v.*

CARROLL WAYNE GOSS, *Respondent/Appellant*.

No. 1 CA-CV 20-0565 FC
FILED 9-14-2021

Appeal from the Superior Court in Maricopa County
No. FC2014-091690
The Honorable Joan M. Sinclair, Judge

**VACATED AND REMANDED**

COUNSEL

Paul D. Nordini Attorney at Law, Scottsdale
By Paul D. Nordini
*Counsel for Respondent/Appellant*

Rowley Law Group, PLLC, Mesa
By Scott R. Rowley
*Counsel for Petitioner/Appellee*

---

## MEMORANDUM DECISION

Presiding Judge D. Steven Williams delivered the decision of the Court, in which Judge David B. Gass and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1            Carroll Goss ("Father") appeals the superior court's order dismissing his petition to modify legal decision-making, parenting time, and child support. For reasons that follow, we vacate the order and remand for an evidentiary hearing on Father's petition.

## FACTUAL AND PROCEDURAL HISTORY

¶2            Father and Terri Goss ("Mother") divorced in 2014. Initially, the parents agreed to share joint legal decision-making authority for their two minor children. Father pled guilty to a DUI in 2017 and, thereafter, the parties agreed to a revised parenting plan restricting Father's parenting time.

¶3            In 2018, police found Father intoxicated and passed out while the children were in his care. Mother moved to modify legal decision-making, parenting time, and child support given Father's continued substance abuse. Mother, who was represented by counsel, and Father, representing himself, reached a stipulated agreement. The superior court accepted the agreement and entered it as an order. The order granted Mother sole legal decision-making authority of the minor children, limited Father's parenting time to two hours of supervised visits every other week, and required Father to complete a one-year intensive alcohol abuse treatment program before he could seek to modify parenting time going forward. Specifically, the order required:

> Father may only request a change to this parenting plan after he has successfully completed an uninterrupted one (1) year intensive alcohol abuse treatment program under the guidance of a certified substance [abuse] counselor and has maintained 100% sobriety. Until such time as Father has completed an uninterrupted one (1) year intensive alcohol abuse program, Father is specifically barred from requesting any change to the parenting plan.

**¶4**        Roughly a year-and-a-half later, Father petitioned the superior court to modify legal decision-making, parenting time, and child support. With his petition, Father provided character letters from various people claiming he had overcome his alcohol addiction, provided evidence of his participation and attendance of 24 treatment sessions through The Right Step treatment program, and provided multiple supervised parenting reports. Later, Father amended his petition claiming that since entry of the stipulated order, he maintained sobriety for nearly two years and completed an out-patient program. Mother moved to dismiss Father's petition, arguing Father provided no proof of completing a year-long intensive alcohol abuse treatment program as required by the order. The superior court granted Mother's motion to dismiss.

**¶5**        Father timely appealed. Because the superior court's order of dismissal lacked finality language as required by Arizona Rule of Family Law Procedure 78(c), this court revested jurisdiction to the superior court. The superior court issued a second dismissal order, with the certification of finality, and this appeal was reinstated. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution, A.R.S. §§ 12-120.21(A)(1), and -2101(A)(1).

## DISCUSSION

**¶6**        A petitioner seeking to modify a legal decision-making or parenting time order must provide "adequate cause for [a] hearing" in his/her petition, A.R.S. § 25-411(L), including "present[ing] detailed facts which are relevant to the statutory grounds for modification," *Pridgeon v. Superior Court*, 134 Ariz. 177, 181 (1982). Whether adequate cause exists depends on whether the facts alleged by petitioner constitutes a change in circumstances. *Id.* at 180.

**¶7**        We review the superior court's denial of a petition to modify a legal decision-making or parenting time order for an abuse of discretion, *Id.* at 179; *Baker v. Meyer*, 237 Ariz. 112, 116, ¶ 10 (App. 2017), and defer to the court's findings of fact unless they are clearly erroneous, *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018).

**¶8**        Father argues the superior court erred in dismissing his petition outright without holding an evidentiary hearing to consider the best interests of the children. We agree.

**¶9**        The superior court based its dismissal of Father's petition on a lack of evidence demonstrating Father completed "one full uninterrupted year of an intensive alcohol abuse program." The record supports that

3

finding. However, the purpose of the stipulated agreement was to aid in Father's sobriety, and in turn, to benefit the children and their interaction with Father. Father alleged he had been sober for nearly two years and provided letters from others supporting his claim. Father also provided some evidence that he attended 24 alcohol treatment classes. Although we cannot discern from the record how long it took Father to complete those classes, it is some evidence of steps he took to comply with the stipulated order.

¶10 Mother argues Father should not be allowed to seek modification until he completes the required one-year intensive program. If there is "an uninterrupted one (1) year intensive alcohol abuse program" in Arizona, the record contains no proof of its existence. If such a program does not exist, under Mother's argument, Father will never qualify to seek any change in his legal decision-making authority, parenting time, or child support obligations.

¶11 We acknowledge the basis for Mother's argument that a finding of a change in circumstances is required before the superior court can reach the question of whether a change in custody would be in the children's best interest. *See Black v. Black*, 114 Ariz. 282, 283 (1977). But Father has provided evidence of a change in circumstances, even if it is not the specific change contemplated in the prior agreement. And the law discourages parties from contracting out of responsibilities that could have an adverse impact on a child's best interests. *See Albins v. Elovitz*, 164 Ariz. 99, 101-02 (App. 1990) (providing that, while a custodial parent can waive child support payments and surrender visitation rights, "any such agreement is not binding on the court and will be enforced only so long as the interest of the child is not adversely affected"). Here, it is unclear from the record whether Father could comply with the requirement to complete a one-year intensive alcohol abuse treatment program. And the court is not bound to enforce an agreement between parties involving custody matters if the court is not convinced the agreement will advance the best interests and welfare of the children. *Anderson v. Anderson*, 14 Ariz. App. 195, 198 (1971). Above all else, the primary consideration in custody determinations is the best interests of the children, *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 18 (2003), and any attempt, through agreement or otherwise, which circumvents this paramount consideration requires a closer look.

¶12 Because Father provided evidence with his petition of alcohol treatment and evidence of a length of sobriety beyond the time required for treatment in the stipulated order, the superior court should have granted Father an evidentiary hearing to further inquire whether a

substantial and continuing change of circumstances exists, and whether a modification of Father's legal decision-making authority, parenting time, and child support obligation would be in the children's best interests. Consequently, we vacate the court's dismissal order and remand for an evidentiary hearing on Father's underlying petition.

**¶13**　　　　In the exercise of our discretion, we deny Mother's request for attorneys' fees pursuant to A.R.S. § 25-324.

## CONCLUSION

**¶14**　　　　We vacate the superior court's dismissal order and remand for an evidentiary hearing on Father's underlying petition to modify legal decision-making authority, parenting time, and child support.

