NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

STACY A. BECK, *Petitioner/Appellant*,

*v.*

RUSSELL N. BECK, JR., *Respondent/Appellee*.

No. 1 CA-CV 21-0602 FC
FILED 5-19-2022

Appeal from the Superior Court in Mohave County
No. S8015DO201800138
The Honorable Eric Gordon, Judge

**VACATED AND REMANDED**

COUNSEL

Stacy A. Beck, Ash Fork
*Petitioner/Appellant*

Russell N. Beck, Jr., Golden Valley
*Respondent/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

**¶1**         Stacy A. Beck ("Mother") challenges the superior court's order denying her petition to modify legal decision-making authority and parenting time.[1]  Because the superior court erred in applying Arizona Revised Statutes ("A.R.S.") section 25-411(A), we vacate and remand for further proceedings consistent with this decision.

## FACTS AND PROCEDURAL HISTORY

**¶2**         Mother and Russel N. Beck, Jr. ("Father") are the biological parents of E.B., born in February 2012.  In June 2018, the court dissolved their marriage and ordered the parents share joint legal decision-making with Father to have final decision-making authority, Father provide E.B.'s primary residence, and Mother exercise three days of parenting time per week.

**¶3**         In September 2019, Mother petitioned to modify parenting time, stating she had moved approximately 100 miles away from Father, and she subsequently filed an emergency motion for E.B.'s relocation and to modify parenting time.

**¶4**         On July 23, 2020, after an evidentiary hearing, the court denied Mother's petition to modify parenting time and relocate the child ("2020 Order").  The court found Mother did not meet her burden to show the move was in E.B.'s best interests and ordered Mother exercise one weekend per month of parenting time, with specified exceptions for holidays and vacations, and joint legal decision-making with Father having final say.  The court thereafter granted Father's motion for clarification and on August 24, 2020, issued an order correcting a clerical error.  The 2020 Order otherwise remained the same, including the July 20, 2020 signature date.

**¶5**         The following year, on July 29, 2021, Mother again petitioned to modify parenting time and legal decision-making ("2021 Petition").  She requested two weeks per month of parenting time and to homeschool E.B. She alleged E.B. was bullied at school, had been suspended three times, and needed a psychological evaluation to assess his behavioral problems.  She also alleged Father had abused his final legal decision-making authority

---

[1]      Father did not file an answering brief.  We may consider such a failure a concession of error, but in our discretion, we decline to do so and consider the merits of Mother's appeal.  *See Hodai v. City of Tucson*, 239 Ariz. 34, 45, ¶ 36 (App. 2016).

and made decisions without notifying her. The court denied the 2021 Petition without a hearing because it found Mother did not plead facts warranting a decree modification less than one year after the 2020 Order. *See* A.R.S. § 25-411(A).

¶6 We have jurisdiction over Mother's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(2); *see also Yee v. Yee*, 251 Ariz. 71, 73, ¶ 1 (App. 2021).

## DISCUSSION

¶7 To modify a parenting time order, the superior court must determine whether there has been a "material change in circumstances affecting the welfare of the child." *Vincent v. Nelson*, 238 Ariz. 150, 155, ¶ 17 (App. 2015) (quoting *Canty v. Canty*, 178 Ariz. 443, 448 (App. 1994)). "Only after the court finds a change has occurred does the court reach the question of whether a change in custody would be in the child's best interest." *Pridgeon v. Superior Ct.*, 134 Ariz. 177, 179 (1982) (citations omitted). We will not disturb the superior court's decision absent an abuse of discretion, i.e., "a clear absence of evidence to support its actions." *Id.* (citations omitted).

¶8 In general, the court may modify a parenting time order "whenever modification would serve the best interest of the child." A.R.S. § 25-411(J). The court will deny a motion to modify legal decision-making "unless it finds that adequate cause for hearing the motion is established by the pleadings." A.R.S. § 25-411(L), (N). Whether adequate cause for a hearing exists depends on "a weighing of the facts alleged to constitute a change in circumstances." *Pridgeon*, 134 Ariz. at 180.

¶9 A parent may not petition to modify a decree earlier than one year after its date, however, "unless the court permits it to be made on the basis of affidavits that there is reason to believe the child's present environment may seriously endanger the child's physical, mental, moral or emotional health." A.R.S. § 25-411(A). The statute has other exceptions not applicable here. *See id.* (stating a parent can file a petition alleging abuse at any time and a petition alleging failure to follow court orders after six months).

¶10 The superior court's denial of the 2021 Petition under § 25-411(A) was based on an erroneous finding that the 2020 Order was issued December 28, 2020. The December 2020 order, however, only acknowledged Mother had mailed to the court an unsigned ex parte motion

to clarify and directed her to file a signed motion and send a copy to Father if she wished the court to consider it.

¶11     The 2020 Order was dated and signed July 20, 2020, and filed July 23, 2020. Although the court issued a corrected order in August 2020, when Mother appealed the 2020 Order on September 16, 2020, this court dismissed her appeal as untimely, citing July 20, 2020, as the final order date. *See Fields v. Oates*, 230 Ariz. 411, 416, ¶ 22 (App. 2012) ("Where successive judgments are entered and the later judgment represents neither a material change of the earlier judgment nor a new exercise in discretion, the time for appeal is counted from the earlier judgment." (citations omitted)).

¶12     The rights and obligations of the parties were determined no later than July 23, 2020, the date the court filed the 2020 Order. Mother filed the 2021 Petition more than one year later, on July 29, 2021. Therefore, § 25-411(A) did not apply. Without commenting on the merits, we vacate the superior court's order and remand for further consideration of Mother's 2021 Petition under § 25-411.

## CONCLUSION

¶13     We vacate the superior court's order denying the 2021 Petition and remand for further proceedings consistent with this decision.



AMY M. WOOD • Clerk of the Court
FILED:    AA